## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**THOMAS W. WALDREP, JR.,**
**As Litigation Trustee,**

      **Plaintiff,**

**v.**                            **Case No.: 8:24-mc-0007-MSS-AAS**

**LABMED SERVICES, LLC,**

      **Defendant.**
_____/

### ORDER

    Non-party Mark Blake requests that this court quash a subpoena, or issue a protective order, in relation to subpoena issued by Thomas W. Waldrep, Jr., as litigation trustee, in the United States Bankruptcy Court for the Eastern District of North Carolina. (Doc. 1). Mr. Waldrep opposes Mr. Blake's motion. (Doc. 4).

## I.    BACKGROUND

    On February 16, 2022, Mr. Waldrep filed a complaint against Labmed Services, LLC (Labmed), a Nevada corporation, in the Eastern District of North Carolina Bankruptcy Court. (Doc. 1-1). Mr. Blake was one of the two managers of Labmed. (Doc. 1-2). According to the complaint, Labmed participated in a billing scheme to generate fraudulent reimbursements for laboratory tests at several rural hospitals in multiple states. (Doc. 1-1). The

1

complaint alleged the hospitals entered arrangements with marketers, physicians, and laboratory testing companies to defraud insurance companies and hospitals, like the debtor in the underlying Chapter 11 bankruptcy cases, through improper billing practices. (*Id.*). Under those arrangements, marketers solicited physicians around the country to send blood and urine samples to select laboratories. (*Id.*). These laboratories would bill the tests to private insurers as if they had been conducted at the hospitals for patients of those hospitals. (*Id.*). But none of those patients had received treatment from the hospitals. (*Id.*). This allowed the laboratories to charge private insurers higher, in-network reimbursements rates for procedures that were out-of-network and should have been reimbursed at lower rates. (*Id.*).

When the scheme was uncovered, the private insurers targeted began scrutinizing the hospitals' claims or stopped doing business with the hospitals. (*Id.*). The hospitals were forced to file for bankruptcy. (*Id.*). Mr. Waldrep brought the adversary proceeding to rectify the harm Labmed caused the hospitals' business and to recover the fraudulent transfers made to hospitals in connection with the scheme.[1] (*Id.*).

The Bankruptcy Court entered a default judgment against Labmed for

---

[1] *See* United States Bankruptcy Court for the Eastern District of North Carolina, Case Nos. 19-00730-5-JNC, 19-01230-5-JNC, 19-01180-5-JNC, 19-01300- 5-JNC, 19-10298-5-JNC, 19-01697-5-JNC, and 19-01227-5-JNC.

$279,907.13, plus interest on February 8, 2023. (Doc. 1-2). Through third-party discovery, Mr. Waldrep learned that Labmed's account with BB&T Bank (n/k/a Truist Bank) was closed with a zero balance on February 28, 2019, and that Labmed was dissolved on September 3, 2019. (*See* Docs. 1-4, 1-5).

Mr. Waldrep served a Rule 45 subpoena on Mr. Blake requesting post-judgment discovery under Federal Rule of Civil Procedure 69. (Doc. 1-3). Mr. Blake moves to quash the subpoena, or for a protective order. (Doc. 1). Mr. Waldrep opposes the motion. (Doc. 4).

## II.   ANALYSIS

"Pursuant to Rule 45, a Court may quash a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden." *Malibu Media, LLC v. Doe*, No. 8:14-cv-2351-T-36AEP, 2015 WL 12850584, at *2 (M.D. Fla. Jan. 22, 2015) (citing Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv)), report and recommendation adopted, 2015 WL 574274, (Feb. 11, 2015). "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Id.*

"Rule 69(a)(2) allows a judgment creditor to obtain discovery from any

person, including the judgment debtor, as provided in the federal rules of civil procedure or in the state's procedure scheme." *Regions Bank v. Hyman*, No. 8:09-cv-1841-T-17MAP, 2013 WL 12166236, at *1 n.2 (M.D. Fla. Aug. 15, 2013). "It is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets." *In re Taylor, Bean & Whitaker Mortg. Corp.*, 620 B.R. 165, 168 (Bankr. M.D. Fla. 2019) (internal citation omitted). "But when a judgment creditor seeks to discover the personal financial information of a nonparty ( . . . ), he or she bears the burden of proving that the information sought is relevant or is reasonably calculated to lead to the discovery of admissible evidence. *AmTrust Bank v. Alvarez*, No. 17-20988-CIV, 2021 WL 3709528, at *2 (S.D. Fla. Aug. 20, 2021) (citing *Winderting Invs., LLC v. Furnell*, 144 So. 3d 598, 602 (Fla. 2d DCA 2014)).

Mr. Blake argues the subpoena "imposes an undue burden on [him] because the subpoena requires him to disclose personal financial information [Mr. Waldrep] will use to further disrupt his financial life without any basis for issuing the subpoena on a closed case." (Doc. 1, p. 5). Mr. Blake also argues that Mr. Waldrep has obtained discovery of Labmed's financial records, and that discovery of his financial records is irrelevant. (*Id.*, pp. 4–6.)

Labmed's financial records have a zero balance, and the entity was

dissolved in 2019. (*See* Doc. 1, p. 1). Having obtained a judgment against Labmed, Mr. Waldrep may pursue post-judgment financial discovery of one of Labmed's only two members, Mr. Blake, to locate Labmed's assets and enforce the judgment.[2] Federal courts allow discovery of a debtor's financial records on an outstanding judgment, notwithstanding an individual's right to financial privacy. *Frenkel v. Acunto*, No. 11-62422-CIV-COHN/SELTZER, 2014 WL 4680738, at *2 (S.D. Fla. Sept. 19, 2014). Mr. Waldrep has a right to discovery in its effort to collect on the judgment.; *see also In re Taylor, Bean & Whitaker Mortg. Corp.*, 620 B.R. 168 ("The presumption is in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment.") (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va. 2012)). The underlying claims are for actual and constructive fraudulent transfer, with allegations that money illegally flowed into and out of the accounts of Labmed. (*See* Doc. 1-1). Thus, Mr. Blake's financial information is relevant and discoverable.

Mr. Blake argues that, in the alternative, a protective order should be entered. However protective orders have been entered in the underlying

---

[2] A subpoena has also been served on Labmed's other member, Beau Gertz, who has filed this motion to quash in the District of Colorado. *See Gertz v. Waldrep, Litigation Trustee*, Case No. 1:24-mc-00035-NYW-KAS.

bankruptcy cases in the Eastern District of North Carolina, which will apply to and protect Mr. Blake's financial information. (*See* Doc. 4-1). Additional protection is not required.

## III.   CONCLUSION

Non-party Mr. Blake's motion to quash or for protective order (Doc. 1) is **DENIED**.

**ORDERED** in Tampa, Florida on April 25, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge